**ALLACCESS LAW GROUP**
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
19 North Second Street, Suite 205
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for RACHELLE RIDOLA, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RACHELLE RIDOLA,<br><br>    Plaintiff,<br><br>vs.<br><br>RENATO'S PIZZA, INC., a California corporation dba RENATO'S PIZZA; COUNTRYSIDE SHOPPING CENTER, LLC, a California limited liability company; and DOES 1 through 10, inclusive,<br><br>    Defendants | Case No. 19-2751<br><br>*Civil Rights*<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES**<br><br><br>**DEMAND FOR JURY TRIAL** |

## I. SUMMARY

1. This is a civil rights action by Plaintiff RACHELLE RIDOLA ("Ms. Ridola" or "Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complexes known as Renato's Pizza and Countrytime Shopping Center and located at or about 1711 McKee Rd, San Jose, CA 95116.

2. Pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 *et seq.*), and related California statutes, Ms. Ridola seeks damages, injunctive relief, and attorney fees and costs, against RENATO'S PIZZA, INC., a California corporation dba RENATO'S PIZZA; COUNTRYSIDE SHOPPING CENTER, LLC, a California limited liability company; and DOES 1 through 10, inclusive.

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts, is predicated on 28 U.S.C. §1367.

5. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. INTRADISTRICT ASSIGNMENT

7. Pursuant to Local Rule 3-2(c) this case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## V. PARTIES

8. RENATO'S PIZZA, INC., a California corporation dba RENATO'S PIZZA; COUNTRYSIDE SHOPPING CENTER, LLC, a California limited liability company; and

1  DOES 1 through 10, inclusive, (hereinafter alternatively collectively referred to as "Defendants")
2  are, and at all relevant times were, the owners, operators, managers, lessors and/or leasees of
3  public accommodations known as Renato's Pizza and Countrytime Shopping Center, including
4  its adjacent parking facilities, located at or about 1711 McKee Rd, San Jose, CA 95116
5  (hereinafter collectively referred to as, "Restaurant")

6      9. Plaintiff is informed and believes that each of the Defendants, Does 1-10, inclusive,
7  is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee,
8  representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate,
9  related entity, partner, and/or associate, or such similar capacity, of each of the other
10  Defendants, and was at all times acting and performing, or failing to act or perform, within the
11  course and scope of such similar aforementioned capacities, and with the authorization,
12  consent, permission or ratification of each of the other Defendants, and is personally
13  responsible in some manner for the acts and omissions of the other Defendants in proximately
14  causing the violations and damages complained of herein, and have participated, directed, and
15  have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the
16  other Defendants, as herein described.

17      10. The true names and capacities of Defendants Does 1 through 10, inclusive, are
18  unknown to Ms. Ridola who therefore sues said Defendants by such fictitious names. Plaintiff is
19  informed and believes that each of the Defendants herein designated as a "Doe" is legally
20  responsible in some manner for the events and happenings herein referred to and caused injury
21  and damages proximately thereby to Plaintiff. Plaintiff prays leave of Court to amend this
22  Complaint to show such true names and capacities when the same have been ascertained.

23      11. Ms. Ridola is a qualified physically disabled person with a physical "disability" as
24  defined by Department of Justice regulation 28 C.F.R. § 36.104 and California Government
25  Code § 12926. Plaintiff has been partially paralyzed since 2013 as a result of a brain aneurism
26  and a stroke. Plaintiff, as a result, is unable to independently stand or walk, and uses a
27  wheelchair and occasionally a walker for mobility. Plaintiff is unable, due to her physical
28

disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate physically disabled persons. Plaintiff possesses a disabled parking placard issued by the State of California. Plaintiff is and at all relevant times was a resident of San Jose, California.

## VI. FACTS

12. The subject property and business is public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(B)&(E), and California civil rights laws. Cal. Civ. Code §§ 51 *et seq*. The Restaurant is open to the public, is intended for nonresidential use, and its operation affects commerce.

13. At all times mentioned herein, Ms. Ridola has been a qualified disabled person. Plaintiff dined at the restaurant at least four (4) times within the last two years including on or about February 11, 2019 and February 20, 2019.

14. During her visits, Plaintiff persistently had difficulties accessing the Restaurant on a full and equal basis with other able-bodied patrons. On the outside, there was no path of travel from the parking area designated for disabled patrons. When inside, Plaintiff needed to use the customer bathroom on at least one occasion but found that the customer bathroom did not have sufficient clear space for Plaintiff's wheelchair. There was also no accessible seating provided and the counters were too high to allow Plaintiff to be able to pay for her order with ease. As a result, Plaintiff experienced difficulties discomfort and/or embarrassment.

15. Plaintiff believes that only through legal action will Plaintiff be provided full and equal access. Plaintiff could and would return to the Restaurant if and when it is made accessible and is deterred from dining at the Restaurant more often because of the aforementioned accessibility problems.

16. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of Defendants' premises. While he could not make detailed measurements, he determined that the Restaurant was also inaccessible in multiple other ways, including, but not limited to, the following:

- No path of travel from public right of way
- No tow away sign
- No path of travel from ADA parking
- Must roll behind parked cars when parked at ADA parking
- ADA parking signage is not visible
- ADA parking signage does not have a penalty sign
- No Van accessible signage
- Parked cars project into path of travel
- Path of travel has cross slopes over 2%
- Front door does not have ADA sign
- Clear space of front door has slopes over 2%
- Front door heavy
- Front door fast closing
- Front door does not have 10" smooth lower space
- ADA seating is not marked

17. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases.

18. All of these barriers to access render the premises inaccessible to and unusable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

19. Defendants knew that these elements and areas of the Restaurant was inaccessible, violates state and federal law, and interfere with or deny access to the disabled. Moreover, Defendants have the financial resources to remove these barriers from Restaurant without much difficulty or expense, and make Restaurant accessible to the disabled. To date, however,

Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

20. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to access for wheelchair users and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Defendants have not removed such impediments and have not modified their property to conform to accessibility standards. Defendants have intentionally maintained the Restaurant in its current condition and have intentionally refrained from altering the Restaurant so that it complies with the accessibility standards.

21. Ms. Ridola further alleges that the continued presence of barriers at the Restaurant is so obvious as to establish Defendants' discriminatory intent. On information and belief, Plaintiff avers that evidence of the discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Restaurant and its facilities; conscientious decision to the architectural layout as it currently exists at the Restaurant; decision not to remove barriers from the Restaurant; and allowance that the Restaurant continues to exist in its non-compliant state. Plaintiff further alleges, on information and belief, that Defendants are not in the midst of a remodel, and that the barriers present at the Restaurant are not isolated or temporary interruptions in access due to maintenance or repairs.

**VII. FIRST CLAIM**

**Americans with Disabilities Act of 1990**

**(TITLE III USC §12101** *et seq.***)**

**Denial of "Full and Equal" Enjoyment and Use**

**(Against All Defendants and Each of Them)**

22. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 21 of this Complaint, and incorporates them herein as if separately repled.

23. Title III of the ADA holds as a "general rule" that no individual shall be

discriminated against on the basis of disability in the full and equal enjoyment or use of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

24. Defendants discriminated against Ms. Ridola by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Restaurant.

### Failure to Remove Architectural Barriers in an Existing Facility

25. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id*. § 12181(9).

26. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id*. § 12182(b)(2)(A)(v).

27. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at Restaurant without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

28. In the alternative, if it was not "readily achievable" for Defendants to remove Restaurant' barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

29. On information and belief, the Restaurant was designed or constructed or both after January 26, 1992 independently triggering access requirements under Title III of the ADA.

30. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

31. Here, Defendants violated the ADA by designing or constructing or both the Restaurant in a manner that was not readily accessible to the physically disabled public, including Ms. Ridola, when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

32. On information and belief, the Restaurant was modified after January 26, 1992, independently triggering access requirements under the ADA.

33. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

34. Here, Defendants altered the Restaurant in a manner that violated the ADA and was not readily accessible to the physically disabled public, including Ms. Ridola, to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

35. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

36. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford and would not fundamentally alter the nature of these goods, services, facilities, or accommodations.

37. Plaintiff seeks all relief available under the ADA *i.e.*, injunctive relief, attorney fees, costs, legal expense for these aforementioned violations. 42 U.S.C. § 12205.

### VIII. SECOND CLAIM

### Disabled Persons Act

**(California Civil Code § 54 *et seq.*)**

**(Against All Defendants and Each of Them)**

38. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 37 of this Complaint, and incorporates them herein as if separately repled.

39. The Restaurant is a place of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.*

40. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

41. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).

42. The CDPA also provides that a violation of the ADA is a *per se* violation of CDPA, California Civil Code § 54.1(d).

43. Defendants have violated the CDPA by, *inter alia*, denying and/or interfering with Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to her disability.

44. Pursuant to the remedies, procedures, and rights set forth in California Civil Code §§ 54.3, Plaintiff prays for judgment as set forth below.

## IX. THIRD CLAIM

**Unruh Civil Rights Act**

**(California Civil Code §51 *et seq.*)**

**(Against All Defendants and Each of Them)**

45. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 44 of this Complaint, and incorporates them

herein as if separately repled.

46. Restaurant is a business establishment and, as such, must comply with the provisions of the Unruh Act, California Civil Code § 51 *et seq.*

47. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. California Civil Code § 51(b).

48. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. California Civil Code § 51(f).

49. Defendants have violated the Unruh Act by, *inter alia,* denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Restaurant.

50. Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

51. Pursuant to the remedies, procedures, and rights set forth in California Civil Code § 52, Plaintiff prays for judgment as set forth below.

## VIII. FOURTH CLAIM

**(California Health & Safety Code §§ 19955 et seq.)**

**Denial of Full and Equal Access to Public Facilities**

**(Against all Defendants and each of them)**

52. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 51 of this Complaint, and incorporates them herein as if separately repled.

53. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities built with private funds shall adhere to the provisions of Government Code § 4450.

54. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

55. Plaintiff alleges that the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 or both, and that the Restaurant was not exempt under Health and Safety Code § 19956.

56. Pursuant to the remedies, procedures, and rights set forth in Health and Safety Code § 19953 *et seq.*, Plaintiff prays for judgment as set forth below.

## IX. PRAYER FOR RELIEF

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to wheelchair users and issue a preliminary and permanent injunction directing Defendants to provide and maintain facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy. **Note: Plaintiff is not invoking Civil Code, § 55 and is not seeking injunctive relief under that section**;

2. Retain jurisdiction over Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

5 Award to Plaintiff all reasonable statutory attorneys' fees, litigation expenses, and costs of this proceeding as provided by law;

6. Award to Plaintiff prejudgment interest pursuant to Civ. Code, § 3291;

7. Grant such other and further relief as this Court may deem just and proper.


Dated: May 20, 2019              */s/  Irakli Karbelashvili*
                                 Irakli Karbelashvili, Attorney for Plaintiff
                                 RACHELLE RIDOLA


### DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.


Dated: May 20, 2019              */s/  Irakli Karbelashvili*
                                 Irakli Karbelashvili, Attorney for Plaintiff
                                 RACHELLE RIDOLA